**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:20-cr-809-1 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CHRISTAL ENGLAND, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On January 26, 2023, defendant Christal England ("England" or "defendant") was sentenced to a custody term of 30 months, following her guilty pleas to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (Doc. No. 65 (Judgment); *see* Minutes of Proceedings [non-document], 1/26/2023; Doc. No. 58 (Plea Agreement); *see also* Doc. No. 20 (Superseding Indictment).) Now before the Court is England's *pro se* motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 69 (Motion).) Appointed counsel filed a notice of intent not to supplement the motion. (Doc. No. 70 (Notice).) Because England is not eligible for relief under Amendment 821, the motion is denied.

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

England moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). Specifically, she argues that she is eligible for a reduced sentence under either Part A or Part B of Amendment 821 to the Federal Sentencing Guidelines. (*See* Doc. No. 69, at 1) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[1] U.S.S.G. § 4C1.1. The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Prior to sentencing, the Court ordered the preparation of a Presentence Investigation Report ("PSR"). (*See* Doc. No. 62 (Final PSR).) According to the PSR, the base offense level was 24. (*See id.* at 7 ¶ 26.) After a 3-level reduction for acceptance of responsibility was applied, the resulting total offense level was 21. (*See id.* at 8 ¶¶ 33–35.) England had prior convictions for endangering children and attempted objection of judgment, which collectively scored 2 criminal

---

[1] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

history points. (*See id.* at 12–13 ¶¶ 54–56.) She received no status points. (*See id.*) With a total of 2 criminal history points, England was a criminal history category II. (*See id.* at 13 ¶ 57.) With a criminal history category of II (and a total offense level of 21), the advisory guideline range was 41 to 51 months. (*See id.* at 23 ¶ 99.) The Court varied downward three levels to a total offense level of 18, criminal history II, resulting in an advisory sentencing range of 30–37 months. (*See* Doc. No. 66 (Statement of Reasons), at 4.) The Court sentenced England to a custody term of 30 months. (Doc. No. 65.)

As set forth above, England is ineligible for relief under Part B of Amendment 821 because she scored 2 criminal history points, which means she does not qualify as a "zero point" offender. She also fails to qualify for a sentence reduction under Part A because she received no "status points," as she was not under a criminal justice sentence at the time of the present offenses. Accordingly, England's guidelines calculation is unaffected by the Amendment, and her advisory guidelines range remains the same. Because the advisory guideline range is undisturbed by the Amendment, England is ineligible for a reduction under either Part A or Part B of Amendment 821.

Since the Amendment to the sentencing guidelines would not have affected the calculation of England's sentence, she is, therefore, ineligible for a reduction based on Part A of Amendment 821. Further, because England is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce her sentence (Doc. No. 69) is DENIED.

**IT IS SO ORDERED**.

Dated: May 10, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**